STATE OF MAINE *vs.* JOHN DORR.

Waldo.    Opinion December 30, 1889.

*Intoxicating liquors. Indictment. Different statutes in force. Fifth Amendment to the constitution. Repeal of existing statute. Act of 1889, c. 140, constitutional.*

The fact, that the time covered by an indictment embraces a period when two different statutes were in force, is not fatal to the indictment.

No repeal of existing laws in reference to the suppression of the sale of intoxicating liquors was intended by the adoption of the Fifth Amendment to the constitution, prohibiting the manufacture, sale and keeping for sale of intoxicating liquors.

Nor is the law unconstitutional by reason of the severity of the penalty imposed by c. 140 of 1887.

On exceptions.

The case is stated in the opinion.

*A. F. Sweetser*, county attorney, for the state.

*W. P. Thompson and R. F. Dunton*, for defendant.

Foster, J. Indictment against the defendant, found at the January term, 1889, in which the defendant is charged with keeping a drinking house and tippling shop "on the first day of January in the year of our Lord one thousand eight hundred and eighty-seven and on divers other days and times between said first day of January aforesaid and the day of the finding of this indictment," etc.

To this indictment a general demurrer was filed and joined. Thereupon judgment was rendered overruling the demurrer, to which ruling exceptions were duly taken.

Several objections are raised against the sufficiency of this indictment.

(1.) That the penalty for the offense charged was changed by Pub. Laws of 1887, c. 140, § 7, during the times covered by this indictment. (2.) That the law in relation to drinking houses and tippling shops existing at the commencement of the period covered by the charge, (Pub. Laws 1885, c. 366, § 4) was repealed by implication by the adoption of the Fifth Amendment to the Constitution of Maine. (3.) That by the amendment named suitable penalties were to be provided in such laws as the legislature should enact in reference to the suppression of the sale of intoxicating liquors, and that the penalty provided in § 7, c. 140, Pub. Laws of 1887, is not suitable or proportioned to the offense and therefore in conflict with the constitution and void.

Upon neither of the grounds set up can the defendant prevail.

I. The demurrer admits the facts duly alleged in the indictment,—that the defendant, on the first day of January, 1887, "unlawfully did keep a drinking house and tippling shop." This was contrary to the statute of 1885 which was in force for the punishment of such offenses committed prior to the more recent enactment of 1887. The fact that the time covered in the indictment embraces a period when two different statutes were in force

is not a fatal objection to the indictment. This precise question was settled in *State* v. *Pillsbury*, 47 Maine, 449, wherein the court held that "on divers other days," etc., might be rejected as surplusage, or that the attorney for the state might enter a *nol pros.* as to such offenses as were alleged to have been committed after the subsequent act took effect.

II. Nor can we agree to the proposition that by the adoption of the amendment to the constitution all statute laws in reference to the subject matter embraced in the amendment were repealed by implication. That the legislature never intended any such repeal of existing laws in reference to the suppression of the sale of intoxicating liquors, is too manifest to require discussion. The whole matter was left for legislative enactment as provided by the amendment.

III. True, the constitution, as now amended, provides that "the legislature shall enact laws with suitable penalties for the suppression of the manufacture, sale and keeping for sale of intoxicating liquors." The legislature has prescribed the penalty provided in c. 140, of the act of 1887, and this court apprehends no reason for holding the law unconstitutional by reason of the severity of such penalty. "What punishment is suited to a specified offense must, in general, be determined by the legislature, and the case must be very extraordinary in which its judgment could be brought in question." Cooley Cons. Lim. 296. The offense with which the defendant is charged in this indictment has been recognized by statute law for a long period of years as contrary to the good morals and welfare of the citizens of this state, and restrained by penalties under various statutes. The legislature has deemed it wise and seen fit to add severity to penalties previously existing in order more effectually to suppress the illegal traffic. We, therefore, perceive no reason for holding the law unconstitutional on account of the severity of the penalty imposed by the law making power. *Com.* v. *Hitchings*, 5 Gray, 482.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.